# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-12-2282** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN DOMINICK L. DEROSE, | : | |
| | : | |
| Defendant | : | |

....................................................................................................................

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-12-2327** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DEPUTY WARDEN ELIZABETH L. | : | |
| NICHOLS, | : | |
| | : | |
| Defendant | : | |

....................................................................................................................

| | | |
|---|---|---|
| CHARLES REUBEN FUNK, | : | CIVIL ACTION NO. **3:CV-12-2339** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN DOMINICK L. DEROSE, | : | |
| | : | |
| Defendant | : | |

....................................................................................................................

# REPORT AND RECOMMENDATION

## I.    BACKGROUNDS.

### 1.   *CIVIL ACTION NO. 3:CV-12-2282*

On November 16, 2012, Plaintiff Charles Reuben Funk,[1] an inmate currently confined at Dauphin County Prison, Harrisburg, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  He also filed a Motion for Leave to Proceed *in forma pauperis* on November 16, 2012.  (Doc. 2). Plaintiff names Warden Dominick L. DeRose of the Dauphin County Prison as the sole Defendant.  (Doc. 1, p. 1).

### 2.   *CIVIL ACTION NO. 3:CV-12-2327*

On November 20, 2012, Plaintiff Charles Reuben Funk, an inmate currently confined at Dauphin County Prison, Harrisburg, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  He also filed a Motion for Leave to Proceed *in forma pauperis* on November 20, 2012.  (Doc. 2). Plaintiff names Deputy Warden Elizabeth L. Nichols of the Dauphin County Prison as the sole Defendant.  (Doc. 1, p. 1).

### 3.   *CIVIL ACTION NO. 3:CV-12-2339*

On November 23, 2012, Plaintiff Charles Reuben Funk, an inmate currently confined at Dauphin County Prison, Harrisburg, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  He also filed a Motion for Leave to Proceed *in forma pauperis* on November 23, 2012.  (Doc. 2). Plaintiff names Warden Dominick L. DeRose of the

---

[1]We note that Plaintiff Funk has filed other actions with this Court. *See* Civil No. 08-0039, M.D. Pa.; Civil No. 11-1233, M.D. Pa.

Dauphin County Prison as the sole Defendant. (Doc. 1, p. 1).

In all three of Plaintiff Funk's new civil rights cases, he basically alleges that he is a sex offender and that he is "on Megans Law for life." Plaintiff also avers that he is supposed to be on the sex offenders block at Dauphin County Prison ("DCP"), namely, I-Block, and that the DCP staff places all of the other sex offender inmates on I-Block except for him. Plaintiff further states that he is being "totally denied as a sex offender the rights of all sex offenders Blocks and full treatment." We construe Plaintiff as averring that he is being deprived of the ability to participate in treatment programs and groups which DCP provides to other sex offender inmates who are placed in I-Block. Additionally, Plaintiff states that he requested DCP staff to place him in I-Block, the sex offender block, where all the other sex offenders are housed, but that the staff refused his requests. Plaintiff avers that Defendants are denying his constitutional right to be placed in I-Block with the other sex offender inmates and, to be given treatment with the other sex offender inmates and allowed to participate in sex offender groups.

In his 12-2327 case against Defendant Nichols, Plaintiff also alleges that Nichols "wants to keep me on a lockdown in the hole until I go to SCI Camp Hill because I rape a[n] inmate and [she] wants to keep writing me on up [via misconduct reports] to keep me on the lockdown ... ." Plaintiff further alleges that Defendant Nichols wants to retaliate against him for filing grievances in which he requests to be placed in I-Block. Plaintiff attached Exhibits only to his Complaint in his case 12-2327, which include copies of Plaintiff 's November 9, 2012 DCP Inmate Request Forms addressed to Defendant Nichols seeking to be placed in I-Block, "the sex offenders Block." Plaintiff also includes as an Exhibit a copy of portions of his June 26, 2012 voluntary Interview by

3

Dauphin County Detectives regarding allegations of sexual offenses against Robert Newton who was an inmate at DCP on L-Block in November 2011.   Plaintiff 's Exhibits indicate that Plaintiff was confined in L-Block at DCP when inmate Newton was there and that Plaintiff is currently confined in L-Block at DCP.  Further, Plaintiff stated that L-Block is "a special needs unit for mental health patients."   Plaintiff also admitted that while he was housed in L-Block he told Newton that he wanted to have sex with him and that Newton agreed. Plaintiff then stated that he put his penis between Newton's "butt cheeks." Plaintiff denied that he had anal sexual intercourse with Newton. Plaintiff also admitted that he tried to have sex with his cell mate Robert Curry but that Curry told him that he was not willing to participate.

Plaintiff states that based on his sexual contact with Newton and on the filing of criminal charges against him in Dauphin County Court for rape, Defendant Nichols has denied his requests to be placed in I-Block and to participate in the sex offender treatment programs and groups at DCP.  Rather, Plaintiff states that based on the rape charge filed against him, Defendant Nichols had him placed in restrictive housing at DCP and on lockdown.

As relief in all three of his cases, Plaintiff requests this Court to order Defendants Warden DeRose and Deputy Warden Nichols to place him in I-Block at DCP for the entire time that he is confined in DCP and, to give him access to the sex offender treatment programs and group programs available in I-Block.  Plaintiff also seeks compensatory damages against Defendants.

In all three of his form civil rights Complaints, Plaintiff indicates that he filed  grievances at DCP with respect to his claims but that the grievance process is not completed since he never

received any response to his grievances and that DCP staff refuse to respond to them.[2]

## II.     STANDARDS OF REVIEW.

### A.     *PLRA*

The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a

screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915. Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to state a
> claim on which relief may be granted; or (iii)
> seeks monetary relief against a defendant who
> is immune from such relief.

---

[2]It is well-settled that the Plaintiff must exhaust all of his available administrative remedies with respect to each and every one of claims prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

We note that it hardly seems possible for DCP staff to have had an opportunity to respond to Plaintiff 's November 9, 2012 DCP Inmate Request Forms and for Plaintiff to have completed the DCP grievance process especially since Plaintiff signed his two civil rights Complaints against Warden DeRose on November 8, 2012, and signed his civil rights Complaint against Deputy Warden Nichols on November 16, 2012.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

**B.      SECTION 1983 STANDARD**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.*  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

6

claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

In screening a Complaint under the PLRA, the Court utilizes the same standard as it uses in deciding a Rule 12(b)(6) motion to dismiss. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

## C.    *MOTION TO DISMISS STANDARD*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal, ---* U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court

discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

### III.      ALLEGATIONS OF COMPLAINTS.

As mentioned, in all three of his Complaints, Plaintiff alleges that, under Megan's Law, he has the right to be placed in the I-Block at DCP with all the other sex offenders, and to receive the same treatment that the other sex offenders allegedly receive.  In his three Requests for Relief, Plaintiff requests that the Court order Defendants DeRose and Nichols to place him in the I-Block at

DCP and keep him there as long as he remains confined at DCP. Plaintiff also is seeking compensatory damages against both Defendants for "denying me the rights under Megan's Law Act [] of sex offenders['] treatment."

Because Plaintiff is proceeding *pro se* and has filed three Motions for Leave to Proceed *in forma pauperis*, we will now screen Plaintiff's Complaints in accordance with the aforementioned standards of the PLRA.

**IV.**    **DISCUSSION**.

    *1.  Damages Claims against Defendants in their Official Capacities*

Initially, we find that to the extent Plaintiff requests compensatory damages against both Defendants in all three of his cases and to the extent he sues Defendants in their official capacities, these claims should be dismissed with prejudice.

Eleventh Amendment protection extends to all of Plaintiff's claims against Defendants for money damages in their official capacities.  As stated in the Third Circuit's opinion in *Atwell v. Schweiker*, 274 Fed. Appx. 116, 118 (Non-Precedential) (3d Cir. 2007), "[t]he Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury." (citation omitted).  Thus, to the extent that Plaintiff is seeking monetary damages from both Defendants, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, *supra*.

Therefore, we will recommend that Plaintiff's claims for monetary damages against the two state actor Defendants in their official capacities be dismissed with prejudice. Based on well-settled law, we find futility in allowing Plaintiff to amend his Complaints regarding his claims for monetary damages against the two Defendants in their official capacities. *See Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

### 2. *Consolidation of 3:CV-12-2282, 3:CV-12-2327 and 2:CV-12-2339*

Rule 42(a) of the Federal Rules of Civil Procedure states that:

> When actions involving a common question of
> law or fact are pending before the court, it
> may order a joint hearing or trial of any or all
> the matters in issue in the actions consolidated;
> and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs
> or delay.

Plaintiff's three Complaints filed in cases 3:CV-12-2282, 3:CV-12-2327 and 2:CV-12-2339 have been reviewed, and as detailed above, we find that they involve common questions of law and fact regarding the conditions of Plaintiff's confinement at DCP. In fact, as stated, Plaintiff's Complaints in these three cases raise almost the exact same constitutional claims against Defendants who are both supervisory officials at DCP. The only essential difference in the Complaints is that two allege constitutional violations by Warden DeRose and the other alleges constitutional violations by Deputy Warden Nichols. However, all three Complaints involve the exact same basic constitutional claims regarding the refusal of DCP officials to place Plaintiff in I-Block at DCP with the other sex offenders where Plaintiff would have access to the sex offenders treatment programs. Thus, Defendants are related in all three cases and Plaintiff's claims are nearly

identical.

Accordingly, pursuant to Rule 42(a), we shall recommend that cases 3:CV-12-2282, 3:CV-12-2327 and 2:CV-12-2339 be ordered consolidated and, that the matter proceed under Civil Action Number 3:CV-12-2282. *See Oliver v. Tennis*, 2008 WL 4755558 (M.D. Pa.); *James v. Wal-Mart*, 3:CV-08-1821, M.D. Pa.; *Bradley v. Family Dollar, Inc.*, Civil Action No. 1:CV-10-2299, M.D. Pa.; *Abayev v. Lowe*, 3:CV-11-0222, M.D. Pa. We shall also recommend that cases 3:CV-12-2327 and 2:CV-12-2339 be ordered closed.

### 3. *Exhaustion of Plaintiff 's Constitutional Claims*

As mentioned, Plaintiff readily admits on the face of all three of his Complaints that he failed to complete the grievance process available at DCP regarding his instant claims and he contends that prison staff refuse to respond to his grievances. As noted above, it is simply not possible for DCP staff to have had an opportunity to respond to Plaintiff's November 9, 2012 DCP Inmate Request Forms and for Plaintiff to have completed the DCP grievance process especially since Plaintiff signed his two instant civil rights Complaints against Warden DeRose on November 8, 2012, and he signed his instant civil rights Complaint against Deputy Warden Nichols on November 16, 2012. Plaintiff' s November 9, 2012 DCP Inmate Request Forms are attached to his Civil No. 12-2327 Complaint.

Thus, it is quite clear from the face of his Complaints that Plaintiff could not have possibly exhausted all of his DCP administrative remedies regarding his recent November 9, 2012 DCP Inmate Request Forms. Nor does Plaintiff contend that any prison official mislead or otherwise precluded him from exhausting his administrative remedies. Thus, we find that the DCP

11

administrative remedy process was available to Plaintiff and that Plaintiff has failed to give prison staff adequate time to respond to his recent grievances.

A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). In screening Plaintiff's Complaints under the PLRA, the Court can *sua sponte* dismiss without prejudice Plaintiff's actions regarding his constitutional claims which are not yet exhausted because his Complaints make clear that he is still in process of fully exhausting his claims. *See Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. 6-17-11)(citing *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10)).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10), the Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. §1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.; *Jones, supra*.

As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his administrative remedies prior to filing a civil rights suit. *See Mitchell v. Dodrill*, 696 F.Supp.2d 454 (M.D. Pa. 2010); *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002). Initially, the issue of whether Plaintiff fully exhausted all of his DCP administrative remedies which were

available to him is a question of law for the Court to decide.  *See Drippe v. Tobelinski*, 604 F. 3d

778, 782 (3d Cir. 2010)("exhaustion of administrative remedies under the PLRA is a question of law

to be determined by the   judge")(citation omitted).   Also, "[t]he availability of administrative

remedies  to a prisoner is a question of law."  *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

 In *Womack v. Smith*, 310 Fed. Appx. 547, 550 (3d Cir. 2009), the Court stated:

> The Prison Litigation Reform Act (PLRA), requires full and procedurally
> proper exhaustion of all available administrative remedies as a prerequisite to
> prisoner suits challenging prison conditions under federal law. 42 U.S.C.  §
> 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368
> (2006); *Spruill v. Gillis,* 372 F.3d 218 (3d Cir.2004). "[P]rison grievance
> procedures supply the yardstick for measuring procedural default." *Spruill,*
> 372 F.3d at 231.

 In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the

exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions,

including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court

held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether

they involve general circumstances or particular episodes, and whether they allege excessive force

or some other wrong."  *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL

2769158, *7 (M.D.Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative

remedies before filing suit in federal court.")(citation omitted).  Further, the Defendants have   the

burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir.

2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

 "A prisoner must exhaust all available administrative remedies before initiating a federal

lawsuit."  *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted).  Further,

"the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id*.(citation omitted); *See also Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court.")(emphasis original)(citations omitted).

The Court in *Mitchell v. Dodrill*, 696 F.Supp.2d 454, 465 (M.D. Pa. 2010), stated:

> The United States Court of Appeals for the Third Circuit has not issued a precedential opinion on the issue. However, in a non-precedential opinion, the Court found that the lower court had properly dismissed the plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim. *Oriakhi v. United States,* 165 Fed.Appx. 991, 993 (3d Cir.2006) (not precedential). "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Id.* (quoting *Johnson,* 340 F.3d at 627–28). The Court further stated that "[t]he fact that [the plaintiff] completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi,* 165 Fed.Appx. at 993 (citing *Johnson,* 340 F.3d at 627–28). (not precedential).

The Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Ahmed v. Dragovich*, 297 F.3d at 209 & n. 9; *Freeman v. DOC*, 2011 WL 718615, *3 (M.D. Pa. Feb. 22, 2011)("Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action *Ahmed v. Sromovski*, 103 F.Supp. 2d 838, 843 (E.D. Pa. 2000.").  The *Banks* Court also noted that a futility exception to

the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts*, 2007 WL 3096585, *1; *Spruill v. Gillis*, 372 F. 3d 218, 228-230 (3d Cir. 2004); *see also Nyuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).

We take judicial notice that DCP had an administrative remedy policy during the relevant times of this case.[4]   As stated, Plaintiff Funk admits on the face of his instant Complaints that he has not yet fully exhausted his DCP administrative remedies with respect to his claims. Plaintiff indicates that since he very recently filed grievances and that prison staff refuse to respond to them.  However, as stated, there is no futility exception to the PLRA's exhaustion requirement.  Also, as stated, Plaintiff does not claim that prison officials precluded him from filing a grievance.  In fact, we find that Plaintiff did not yet give  DCP staff adequate time to respond to his grievances dated November 9, 2012.  Thus, we do not find that the DCP administrative remedy process was unavailable to Plaintiff especially since he recently filed grievances requesting to be placed in I-Block.

In *Cooper v. Sniezek*, 2010 WL 3528848, *7 (M.D. Pa. 9-7-10), the Court  stated:

> A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71.

---

[4]*See Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."*Id.* at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (quoting *Nussle,* 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227-32 (3d Cir.2004).

The law is clear that Plaintiff Funk was required to exhaust his DCP administrative remedies before he filed his instant action. *See Walker v. Health Services, Lewisburg Penitentiary*, 2007 WL 1395361, *3 (M.D. Pa.); *Freeman v. DOC*, 2011 WL 718615, *3. The law is also clear that Plaintiff cannot complete exhaustion while his present action is pending with this Court. *Freeman v. DOC*, 2011 WL 718615, *3. Rather, Plaintiff's instant cases must be dismissed and he can file one new action once he completes exhaustion. The Third Circuit stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed.Appx. 991, 993 (3d Cir. 2006) (not precedential). The *Oriakhi* Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim. "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Oriakhi*, 165 Fed. Appx. at 993 (quoting *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003)).

Accordingly, we will recommend that Plaintiff Funk's consolidated case be dismissed for failure to complete the exhaustion of his DCP administrative remedies.

### 4. *Failure of Plaintiff to State Constitutional Claims*

It well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009)*; Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009)*, repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegations against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support

are not entitled to the assumption of truth.")(citation omitted).

Plaintiff Funk's Complaint does not specify any conduct, wrongful or otherwise, of Defendant DeRose.  In fact, Plaintiff's Complaint does not sufficiently state the personal involvement of  Defendants DeRose and Nichols with any cognizable constitutional claim. Plaintiff merely states that he has the right under Megan's Law to be placed in the I-Block at DCP with the other sex offenders; however, Plaintiff does not sufficiently allege personal involvement of the two supervisory Defendants, DeRose and Nichols, in relation to his claims.

Furthermore, it is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  Thus, in addition to Plaintiff's failure to sufficiently allege Defendant DeRose's and Defendant Nichols' personal involvement in relation to his claims, Defendants DeRose and Nichols are also not liable based on the theory of *respondeat superior*.  Therefore, we find that, based on the aforementioned case law, Plaintiff's Complaints lack sufficient allegations as to both Defendants and what these Defendants personally did to violate Plaintiff's constitutional rights.

Furthermore, even if Plaintiff had successfully stated  personal involvement of the Defendants as required in a § 1983 action and by Federal Rule of Civil Procedure 8(a), Plaintiff does not allege that he has been deprived of the rights, privileges or immunities secured by the law or Constitution of the United States.  Plaintiff is stating that his rights under Megan's Law have been violated because Defendants DeRose and Nichols  have refused to place him in the

I-Block at DCP with the other sex offender inmates thus depriving him of the opportunity to participate in the sex offender treatment programs. At the outset, Plaintiff 's own Exhibits indicate that Defendant Nichols refused to place him in I-Block due to the rape charge filed against Plaintiff regarding the November 2011 incident at DCP in which Plaintiff admittedly had sex with inmate Newton.

Moreover, Plaintiff Funk has failed to allege a proper constitutional claim against both Defendants because he has no constitutional right to confinement in any particular prison, facility or rehabilitative program, and, therefore, has no constitutional right to challenge his placement outside of the I-Block at DCP. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). Additionally, the transfer of an inmate to a more restrictive prison does not violate the Due Process Clause "so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976); *Garcia v. Kimmel*, 2009 WL 2950628, *11 (W.D. Pa. Sept. 9, 2009)("[I]t has long been held that the Due Process Clause does not provide a federal liberty interest guaranteeing housing in a particular penal institution or providing protection against transfer from one institution to another within the state prison system.")(citations omitted). "Nor is there an inherent due process right not to be transferred to another cell within a prison." *Garcia v. Kimmel*, 2009 WL 2950628, *11(citations omitted). Additionally, Plaintiff has no right to participate in any program offered in the prison. *Id*.(citation omitted). Further, Plaintiff has no constitutional right to any particular classification or custody level in prison. *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997). In fact, as stated, Plaintiff acknowledges in his Complaint against Defendant Nichols and his own Exhibits

indicate that Defendant Nichols refused to place him in I-Block and had him placed in restrictive housing and lockdown due to the rape charge filed against Plaintiff regarding the November 2011 incident at DCP in which Plaintiff admittedly had sex with inmate Newton.

We also find that the Plaintiff is requesting relief in the form of Court intervention and management while he is in prison, *i.e.,* directing Defendants DeRose, Nichols and the Dauphin County Prison as to what Block to house Plaintiff, and directing Dauphin County Prison to treat him the same as other sex offenders regarding his cell block placement. However, the Court will not generally interfere with prison administration matters such as Dauphin County Prison and Defendants' decision as to what Block is proper for Plaintiff, especially since Plaintiff 's own Exhibits indicate that Defendant Nichols refused to place him in I-Block due to the rape charge filed against Plaintiff regarding the November 2011 incident at DCP in which Plaintiff admittedly had sex with inmate Newton. The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *See Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.).

Therefore, because Plaintiff has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure, because Plaintiff has not alleged personal involvement of Defendants DeRose and Nichols as required in a § 1983 action, and because Plaintiff has not alleged deprivation of any federal, state or constitutional rights, privileges or immunities, we will respectfully recommend that the Court dismiss with prejudice Plaintiff's consolidated action in its entirety, and close this case.[5]

_____

[5]If the Court finds that all three cases of Plaintiff Funk fail to state constitutional claims, and if the Court consolidates the three cases and dismisses the action with prejudice, these

## V.     RECOMMENDATION.

Based on the above, it is respectfully recommended that, pursuant to Rule 42(a),

Plaintiff's cases  3:CV-12-2282, 3:CV-12-2327 and 2:CV-12-2339 be ordered consolidated and,

that the matter proceed under Civil Action Number 3:CV-12-2282.     It is also  recommend

that cases  3:CV-12-2327 and 2:CV-12-2339 be ordered closed.   Further, it is recommended

that Plaintiff's claims for monetary damages against the two state actor Defendants in their

official capacities be dismissed with prejudice.

Additionally, it is recommended that Plaintiff's consolidated case Civil Action Number

3:CV-12-2282 be dismissed for Plaintiff's failure to exhaust his DCP administrative remedies

regarding his claims.  It is also recommended that Plaintiff 's *in forma pauperis* Motion (Doc. 2)

in his consolidated case Civil Action Number 3:CV-12-2282 be granted solely for the purpose of

filing this action.

Finally, it is recommended that the Court dismiss with prejudice  Plaintiff's consolidated

case in its entirety for failure to state constitutional claims, and that Plaintiff's consolidated case

be closed.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  November 28, 2012**

---

cases may constitute three strikes under the PLRA three-strike rule, 28 U.S.C. §1915(g).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES REUBEN FUNK,               :        CIVIL ACTION NO. **3:CV-12-2282**
                                   :
            Plaintiff              :        (Judge Nealon)
                                   :
            v.                     :        (Magistrate Judge Blewitt)
                                   :
WARDEN DOMINICK L. DEROSE,         :
                                   :
            Defendant              :

......................................................................................................................

CHARLES REUBEN FUNK,               :        CIVIL ACTION NO. **3:CV-12-2327**
                                   :
            Plaintiff              :        (Judge Nealon)
                                   :
            v.                     :        (Magistrate Judge Blewitt)
                                   :
DEPUTY WARDEN ELIZABETH L.         :
NICHOLS,                           :
                                   :
            Defendant              :

......................................................................................................................

CHARLES REUBEN FUNK,               :        CIVIL ACTION NO. **3:CV-12-2339**
                                   :
            Plaintiff              :        (Judge Nealon)
                                   :
            v.                     :        (Magistrate Judge Blewitt)
                                   :
WARDEN DOMINICK L. DEROSE,         :
                                   :
            Defendant              :

......................................................................................................................

22

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 28, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis of that record.  The
> judge may also receive further evidence, recall witnesses or recommit the matter to the
> magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


               **s/ Thomas M. Blewitt**
               **THOMAS M. BLEWITT**
               **United States Magistrate Judge**


**Dated: November 28, 2012**